UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMISI J. CALLOWAY,

    Plaintiff,

v.

D. NIEVES, et al.,

    Defendants.

No. 2:19-cv-01792 KJM CKD P

ORDER

Plaintiff, a state prisoner appearing pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). Plaintiff's complaint (ECF No. 1) is before the court for screening.

The court finds that this case may proceed against defendants Nieves and Luang for excessive force claims arising under the Eighth Amendment, and against defendants Rowland, Mims, Aungst, and Abu for deliberate indifference claims also arising under the Eighth Amendment. (See ECF No. 1 at 2, listing Defendants 11-14.) With respect to the other defendants identified in plaintiff's complaint, the facts alleged fail to state actionable claims. Plaintiff has two options: 1) he may proceed on the claims described above; or 2) make an attempt to cure the deficiencies in his amended complaint with respect to the other defendants and claims in an amended complaint.

If plaintiff decides to file an amended complaint, plaintiff should consider that in order to state an actionable claim, plaintiff must demonstrate with specific allegations how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). To establish a claim for retaliation under the First Amendment, a prisoner must show that a prison official took some adverse action against an inmate because of that prisoner's protected conduct, that the action chilled the inmate's exercise of his constitutional rights, and the action did not advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Moreover, if a prison official's allegedly retaliatory actions resulted in a disciplinary conviction, the prisoner's claim is likely barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Id. at 486–487. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily

imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005). If a plaintiff prevails on his retaliation claim based on a defendant's allegedly false statements, a judgment in his favor will necessarily imply the invalidity of his disciplinary conviction and any resulting credit loss. See Edwards, 520 U.S. at 644, 647. Consequently, plaintiff's §1983 action cannot proceed unless and until his disciplinary conviction is invalidated as required by Heck and Edwards.

In any amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that if he elects to amend, the court cannot refer to a prior pleading in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted 21 days within which to complete and return the attached form notifying the court whether he wants to proceed on claims arising under the Eighth Amendment against defendants Nieves, Luang, Rowland, Mims, Aungst, and Abu, or whether he wishes to file an amended complaint in an

3

attempt to cure the deficiencies in his original complaint. If plaintiff does not return the form, this action will proceed on the claims described above.

Dated: April 6, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/calloway1792.op

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI J. CALLOWAY,<br><br>        Plaintiff,<br><br>   v.<br><br>D. NIEVES, et al.,<br><br>        Defendants. | No. 2:19-cv-01792 KJM CKD P<br><br>PLAINTIFF'S NOTICE OF<br><br>HOW TO PROCEED |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed immediately on Eighth Amendment claims against defendants Nieves, Luang, Rowland, Mims, Aungst, and Abu.

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                                 _____
                                                                 Plaintiff