UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 2:19-cv-01792-KJM-CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| D. NIEVES, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. Currently pending before the court is defendants' motion to revoke plaintiff's in forma pauperis status on the ground that the dismissals of at least three prior actions filed by plaintiff qualify as "strikes" against him pursuant to 28 U.S.C. § 1915(g). ECF No. 25. Plaintiff has filed an opposition and defendants have filed a reply. ECF Nos. 30, 31. Therefore, the matter is fully briefed. For the reasons outlined below, the court recommends that defendants' motion be granted and that plaintiff's IFP status be revoked.

**I.    Factual and Procedural Background**

On August 27, 2019, plaintiff filed the pending complaint alleging that while confined at the California Health Care Facility ("CHCF") he was pepper sprayed in the face without warning

////

1

by defendant Nieves on November 19, 2015.[1]  ECF No. 1 at 21.  Plaintiff was then beat in the head with metal batons by defendants Nieves and Luang.  Id.  After regaining consciousness from the beating, plaintiff was refused medical treatment by defendants Aungst and Abu.  Id. at 22.  Defendants Rowland and Mims ordered these medical personnel not to provide assistance to plaintiff.  Id.  Plaintiff further alleges that he was transferred to San Quentin State Prison without receiving any medical care for the injuries that he received on November 19, 2015.  Id. at 23.

This court granted plaintiff leave to proceed in forma pauperis ("IFP") on April 6, 2020.  ECF No. 10.  In the same order, the court determined that this case could proceed against defendants Nieves and Luang for excessive force claims and against defendants Rowland, Mims, Aungst, and Abu for claims of deliberate indifference to plaintiff's serious medical needs, all in violation of the Eighth Amendment.  ECF No. 10 at 2.  However, the court gave plaintiff the option of proceeding on the complaint as screened or of filing an amended complaint to fix the deficiencies with respect to the other defendants and claims.  Id.  Plaintiff elected to proceed with the original complaint as screened and service was ordered on April 29, 2020.  ECF Nos. 13, 14.

**II.    Defendants' Motion to Revoke In Forma Pauperis Status**

On July 22, 2020, defendants filed a motion to revoke plaintiff's IFP status based on seven prior actions or appeals that defendants assert were dismissed as frivolous, malicious, or failed to state a claim upon which relief could be granted.  ECF No. 25; see also 28 U.S.C. § 1915(g).  Pursuant to Rule 201 of the Federal Rules of Evidence, defendants request that the court take judicial notice of the court records from plaintiff's prior cases that are attached as exhibits.  ECF No. 26.   They further contend that plaintiff was not under imminent danger of serious physical injury at the time that he filed the complaint to warrant continuing plaintiff's IFP status under 28 U.S.C. § 1915(g).  ECF No. 25 at 1-2.  As part of the requested relief, defendants ask the court to stay the filing of their responsive pleading until the pending motion is adjudicated.

In his opposition to the motion, plaintiff concedes that the prior case of Callaway v. Adams, 1:11-cv-01281-RFB (E.D. Cal.) constitutes a strike under 28 U.S.C. § 1915(g).  ECF No.

---

[1] The filing date was calculated using the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988).

2

30 at 2.  However, plaintiff contests the remaining six prior actions cited in defendants' motion which purportedly count as strikes.  He generally argues that several of the prior actions do not count as strikes because the dismissal orders did not specifically state that they counted as strikes.  Plaintiff further asserts that his IFP status should not be revoked because he meets the imminent danger exception under 28 U.S.C. § 1915(g).  ECF No. 30 at 12.  Plaintiff states that he requires ongoing hemodialysis treatment and that when he filed the complaint he was "still being denied adequate housing, hemodialysis and retaliated [against] because his ongoing civil litigation… while an inmate at Kern Valley State Prison.  Id.

By way of reply, defendants point out that plaintiff did not challenge his two prior cases of Calloway v. Baker, No. 14-16352 (9th Cir.), and Calloway v. Rangel, No. 1:12-cv-00193 (E.D. Cal.), as strikes.  ECF No. 31 at 4.  Furthermore, defendants emphasize that an order of dismissal need not state that it is a strike in order for it to be counted under § 1915(g).  ECF No. 31 at 5 (citing Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017).  With respect to imminent danger, defendants characterize plaintiff's argument that he faces death by agents of the CDCR regardless of where he is housed as speculative and hypothetical.  ECF No. 31 at 6-7.  Lastly, defendants point out that there is no nexus between the allegations in the complaint and plaintiff's assertion of imminent danger based on his ongoing medical issues which require hemodialysis. Id.

### III.     Legal Standards

28 U.S.C. § 1915(g) sets forth what is known as the "three strikes" rule.  Under this rule, a prisoner who has previously brought three or more lawsuits in a court of the United States that were dismissed on the grounds that they were "frivolous, malicious, or fail to state a claim upon which relief may be granted" may not proceed in forma pauperis in the current litigation unless that prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  In defining "frivolous," the Ninth Circuit Court of Appeal has concluded that a claim is frivolous when it lacks any "basis in law or fact" or is "of little weight or importance."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citations omitted).  A claim is "malicious" when it is "filed with the intention or desire to harm another." Id.  Failing to state a claim has been interpreted to

3

be equivalent to a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Moore v. Maricopa Cnty. Sheriff's Office, 657 F.3d 890, 893 (9th Cir. 2011) (citations omitted).

In moving to revoke the plaintiff's in forma pauperis status, the defendant bears the initial burden of producing evidence showing that at least three of plaintiff's previous actions have been dismissed by a federal court for one or more of the above reasons. Andrews v. King, 398 F.3d at 1121. If the defendant meets this showing, then the burden shifts to the plaintiff to prove that the dismissed actions do not qualify as "strikes" within the meaning of 28 U.S.C. § 1915(g). Andrews, 398 F.3d at 1121. A prisoner's IFP status should be revoked pursuant to 28 U.S.C. § 1915(g) "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

## IV. Analysis

### A. Prior Civil Actions or Appeals[2]

**1. Calloway v. Adams, Case No. 1:11-cv-01281-RRB (E.D. Cal.)**

On October 27, 2014, the district court dismissed plaintiff's first amended complaint without leave to amend. This amended complaint consisted of 453 pages and named 47 individual defendants based on events that occurred between August 12, 2009 through August 25, 2013. ECF No. 32 at 3 (dismissal order). In dismissing all of the allegations in the complaint, the court found that the claims were either time-barred, constituted unrelated claims for which plaintiff was not previously granted leave to amend, or they did not rise to the level of

---

[2] The court grants defendants' request for judicial notice of these matters of public record, including publicly accessible court dockets and documents available through the Public Access to Court Electronic Records ("PACER") system. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002) (stating that "we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]") (internal quotation omitted).

establishing an Eighth Amendment deliberate indifference claim.[3]  ECF No. 32.  The court specifically stated that the dismissal counted as a strike under 28 U.S.C. § 1915(g) and plaintiff does not challenge that finding in this proceeding.  ECF No. 32 at 21.  As a result, the undersigned finds that this action constitutes a strike.

### 2. Calloway v. Rangel, Case No. 1:12-cv-00193-GSA (E.D. Cal.)

In this civil action, plaintiff raised excessive force, deliberate indifference, and retaliation claims stemming from an incident that occurred on May 22, 2003 at Corcoran State Prison.  See ECF No. 30 at 3.  Based on the face of the complaint, the district court dismissed the action with prejudice as barred by the statute of limitations on October 30, 2014.  ECF No. 30 at 3.  The Ninth Circuit Court of Appeal affirmed the judgment.  See Calloway v. Rangel, No. 14-17245 (9th Cir. Dec. 16, 2015).

In Jones v. Bock, 549 U.S. 199, 215 (2007), the Supreme Court held that if the allegations are barred by the statute of limitations, the complaint is subject to dismissal for failure to state a claim.  With respect to the dismissal of Calloway v. Rangel, plaintiff makes no argument as to why the dismissal based on the statute of limitations does not constitute a strike under 28 U.S.C. § 1915(g).  The only argument the court can deduce from plaintiff's opposition that pertains to this case is his general contention that the dismissal order did not specifically find that it counts as a strike.  However, the court does not find this argument persuasive because the IFP statute does not require a dismissal order to so state before it can be deemed a strike.  See 28 U.S.C. § 1915(g); see also Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) (emphasizing that "the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (internal quotations and citations omitted).  Accordingly, defendants have met their burden of demonstrating that this action constitutes a strike within the meaning of § 1915(g).

### 3. Calloway v. Baker, No. 14-16352 (9th Cir. 2014)

In this appeal, plaintiff's IFP status was revoked after the district court determined that his

---

[3] The district court's decision was affirmed by the Ninth Circuit Court of Appeal.  See Calloway v. Adams, No. 14-17244 (9th Cir. Dec. 16, 2015).

5

1  appeal was not taken in good faith.  On September 24, 2014, the Ninth Circuit denied plaintiff's
2  motion to proceed IFP after concluding that the appeal was frivolous in nature.  See ECF No. 26
3  at 37-38.  After plaintiff failed to pay the filing fees for the appeal, the case was dismissed for
4  failure to prosecute on November 5, 2014.  See ECF No. 26 at 34 (Ninth Circuit docket sheet).

Plaintiff does not raise any challenge to defendants' argument that this appeal constitutes a strike for purposes of § 1915(g).  In El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2013), the court of appeal emphasized that "a denial of IFP status may be strike-worthy.  But that does not mean that all dismissals predicated on denials of IFP status are strikes; to constitute a strike, the denial of IFP status must be based on one of the enumerated grounds in the statute."  In plaintiff's appeal, the Ninth Circuit specifically predicated its IFP denial on its finding that the appeal was frivolous.  ECF No. 26 at 37-38.  Accordingly, this court finds that this appeal was dismissed for an enumerated reason under § 1915(g) so as to count as a strike.

**4.  Calloway v. Biter, Case No. 1:13-cv-00747 (E.D. Cal)**

Following several opportunities to amend his complaint, the district court dismissed plaintiff's third amended complaint for failing to state a claim upon which relief could be granted. See ECF No. 35 in Case No. 1:13-cv-00747 (E.D. Cal. Nov. 8, 2016).  Ultimately, on February 17, 2017, the court dismissed the action with prejudice based on plaintiff's failure to file a fourth amended complaint as well as his failure to obey two prior court orders to prosecute the case. ECF No. 40 in Case No. 1:13-cv-00747 (E.D. Cal.).  The dismissal order indicated that the case "shall constitute a strike pursuant to 28 U.S.C. § 1915(g).  Id. at 5.

On appeal, the Ninth Circuit vacated and remanded the decision in light of Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017), which requires a magistrate judge to obtain consent of all the parties including any unserved defendants in order to have jurisdiction to adjudicate dispositive matters.  Calloway v. Biter, No. 17-15448 (9th Cir. June 12, 2018).  Following remand, the district court judge adopted the Findings and Recommendations of the magistrate judge that plaintiff's third amended complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.  ECF No. 51 in Case No. 1:13-cv-00747 (E.D. Cal. July 31, 2018).  Judgment was entered on July 31, 2018.  ECF No. 52 in Case No. 1:13-cv-

6

00747 (E.D. Cal.).

Defendants contend that this dismissal constitutes a strike under § 1915(g). Plaintiff argues, once again, that the dismissal order did not specifically deem it to be a strike. However, that argument is equally unavailing the second time around. Just as the undersigned found with respect to Calloway v. Rangel, supra, the IFP statute does not require a dismissal order to declare it a strike before the action can be used to deny or revoke IFP status in a subsequent suit. See 28 U.S.C. § 1915(g); see also Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017). Therefore, the court finds that defendants have met their burden in establishing that the civil action in Calloway v. Biter constitutes a strike under § 1915(g).

Based on a finding that plaintiff has incurred four prior strikes in the above-referenced civil actions or appeals and in the interest of judicial economy, the court finds it unnecessary to address the remaining cases which defendants contend are strikes under 28 U.S.C. § 1915(g). Defendants have met their burden of establishing that plaintiff's IFP status should be revoked pursuant to 28 U.S.C. § 1915(g) and plaintiff has not offered sufficient evidence to rebut this finding. See Andrews v. King, 398 F.3d at 1120.

### B. Imminent Danger of Serious Physical Injury

To continue to proceed IFP, plaintiff must allege facts that demonstrate that he was "under imminent danger" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007) ("Andrews II"). The court has reviewed the allegations in the complaint and plaintiff does not allege any facts that suggest that he was in imminent danger of serious physical injury, especially considering that plaintiff was transferred to a different prison following the use of excessive force alleged in the complaint. See ECF No. 1. In his opposition to the motion to revoke, plaintiff asserts that he meets the imminent danger exception due to his ongoing need for hemodialysis treatment which he receives for a life-threatening medical condition. ECF No. 30 at 12. Plaintiff also generally alleges that he is in imminent danger regardless of which prison he is at because they are all part of the CDCR which has denied him "adequate housing, hemodialysis and retaliated" against him for his ongoing civil litigation. ECF No. 30 at 12-14. However, as defendants point out, there are no specific facts that plaintiff points

to during the time in which the complaint was filed that establish imminent danger of serious physical injury.  See ECF No. 31 at 6-7 (citing Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003) and White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998)).  Therefore, the court is unable to find that plaintiff has demonstrated that he was in imminent danger of serious physical injury at the time of filing the complaint and will recommend that defendant's motion to revoke plaintiff's IFP status be granted.

### V.      Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing all the documents submitted, the magistrate judge concluded that four of your prior civil actions or appeals constitute "strikes" under 28 U.S.C. § 1915(g).  The magistrate judge also determined that you were not under an imminent threat of serious physical injury at the time that you filed the complaint in this case.  Based on these findings, the magistrate judge recommends revoking your in forma pauperis status and requiring you to pay the remaining filing fees to continue with this case.

If you disagree with this recommendation, you have twenty-one days to explain why it is the wrong result.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review any objections filed and make the final decision in your case.

In accordance with the above, IT IS HEREBY ORDERED that the filing of a responsive pleading by defendants is stayed until the motion to revoke plaintiff's in forma pauperis status is adjudicated.

IT IS FURTHER RECOMMENDED that:

1. Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status (ECF No. 25) be granted.
2. Plaintiff's IFP status be revoked.
3. The order directing the CDCR to collect the filing fee in monthly installments (ECF No. 11) be vacated.

4. Plaintiff be required to furnish the remaining balance of the statutory filing fee of $400 in order to proceed with this action.

5. Plaintiff be admonished that the failure to pay the remaining filing fee within thirty days of any order adopting this recommendation will result in dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 14, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/call1792.mtd.3strikes.docx