UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>  Plaintiff,<br><br>  v.<br><br>D. NIEVES, et al.,<br><br>  Defendants. | No.  2:19-cv-01792-KJM-CKD  P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's complaint filed August 27, 2019 against defendants Nieves and Luang for excessive force and against defendants Rowland, Mims, Aungst, and Abu based on deliberate indifference to plaintiff's serious medical needs, all in violation of the Eighth Amendment.  See ECF No. 10 (screening order).

Service of the summons on defendant Rowland was returned unexecuted by the United States Marshal on June 10, 2020. ECF No. 20.  On June 15, 2020, the court ordered plaintiff to complete service paperwork for this defendant with a current address.  ECF No. 21.  Plaintiff returned the service documents as instructed, but the information contained therein was not sufficient for the United States Marshal to serve defendant R. Rowland who plaintiff indicates had retired from his position at CDCR.  Plaintiff was advised that CDCR did not have any contact information for this former employee and was given one last opportunity to submit service

1   paperwork for defendant Rowland.  ECF No. 37.  On March 1, 2021, plaintiff submitted the
2   copies of the complaint and summons, but failed to include the address for defendant Rowland on
3   the USM-285 form.
4       On the same date, plaintiff filed a request for judicial intervention seeking assistance in
5   obtaining an address for defendant Rowland.  ECF No. 39.  In the request, plaintiff asks the court
6   to order the California Attorney General to turn over the address where defendant Rowland
7   receives his state-issued retirement check.  ECF No. 39 at 1.
8       First, the court notes that plaintiff is no longer proceeding in forma pauperis in this action.
9   See ECF No. 36 (order revoking plaintiff's in forma pauperis status).  Only in cases involving a
10  plaintiff proceeding in forma pauperis is the United States Marshal required to serve the summons
11  and the complaint upon court order to do so.  See Fed. R. Civ. P. 4(c)(3).  Plaintiff does not
12  indicate how he plans on serving the summons on defendant Rowland once he obtains a current
13  address.
14      Second, plaintiff has been provided several opportunities to provide a current address for
15  service of process on defendant Rowland.  See Fields v. Oklahoma State Penitentiary, 511 F.3d
16  1109 (10th Cir. 2007) (emphasizing that "[i]t is the plaintiff's responsibility to provide the United
17  States Marshal with the address of the person to be served… the Marshal is not charged with
18  finding a defendant who has moved without providing an accessible forwarding address.").
19  Plaintiff acknowledges that he has made three attempts to do so.  ECF No. 39.  While plaintiff
20  assumes that defendant Rowland would be represented by the California Attorney General's
21  Office if properly served, the CDCR is not the registered agent for defendant Rowland and cannot
22  accept service of process.  See Fed. R. Civ. P. 4(e)(2)(C).  To the extent that plaintiff seeks a
23  court order directing CALPERS, or some other state agency, to provide the address where
24  defendant Rowland's retirement checks are mailed, this court is unable to issue an order against
25  individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine
26  Research, Inc., 395 U.S. 100, 110-112 (1969).
27      For all these reasons, plaintiff fails to show good cause to further extend the time period
28  for affecting service of process on defendant Rowland.  See Habib v. GMC, 15 F.3d 72, 73 (6th

Cir. 1994) (emphasizing that plaintiff has the burden of demonstrating good cause for the failure to properly effect service within the time provided by Rule 4(m)). Absent such good cause, "the court has the discretion to dismiss without prejudice or to extend the time period" for service. In re Sheehan, 253 F.3d 507 (9th Cir. 2001). Based on the facts of this case, the undersigned recommends dismissing defendant Rowland from this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for judicial intervention (ECF No. 39) be construed as a motion. So construed, the motion be denied.

2. Defendant R. Rowland be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 16, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/call1792.f&r.unservedDef.docx