1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMISI JERMAINE CALLOWAY,                    No.  2:19-cv-01792-KJM-CKD P

12                     Plaintiff,

13           v.                                    ORDER

14   D. NIEVES, et al.,

15                     Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42

18   U.S.C. § 1983.  This case is proceeding on plaintiff's complaint alleging that defendants Nieves

19   and Luang used excessive force against him and that defendants Mims, Aungst, and Abu were

20   deliberately indifferent to his serious medical needs resulting from the use of force, all in

21   violation of the Eighth Amendment.  Since discovery opened in this case on June 2, 2021,

22   plaintiff has filed numerous motions and pleadings consisting of over 400 pages.  See ECF Nos.

23   50, 53-56, 60-62.  Defendants have filed numerous oppositions to the pending motions as well as

24   a separate motion for a protective order.  ECF Nos. 52, 57, 61, 63, 65.  The court will address

25   each motion in turn.

26       I.      Plaintiff's Motion for the Appointment of Counsel

27          In a 155 page motion including attachments, plaintiff requests that the court appoint

28   counsel.  District courts lack authority to require counsel to represent indigent prisoners in section

                                              1

1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional

circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28

U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not

abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional

circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of

legal education and limited law library access, do not establish exceptional circumstances that

warrant a request for voluntary assistance of counsel.

        The court finds that the length and specificity of plaintiff's motion undercuts his argument

that he needs counsel to assist him.  The attachments to the motion include discovery responses

that plaintiff received while representing himself in another case.  See ECF No. 54 at 39-111.

This is further evidence that plaintiff does not require the assistance of counsel to marshal

evidence in his favor.  After having considered the factors under Palmer, the court finds that

plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the

appointment of counsel.

        Part of plaintiff's motion requests that the court consolidate this case with another case of

his pending in the Northern District of California.  See ECF No. 54 at 4.  Plaintiff alleges that

consolidation is appropriate because the two cases "are identical" based on email messages that

he received in discovery that relate to his transfer from CHCF to San Quentin State Prison

following the use of force against him.  He also identifies an additional 110 defendants that he

wants to add to such a consolidated civil action.  ECF No. 54 at 5-6.

        Defendants oppose any consolidation of plaintiff's cases in two separate judicial districts.

ECF No. 57.  As defendants correctly point out, plaintiff's case in the Northern District of

California "concerns whether Plaintiff received Constitutionally-adequate health care regarding

his dialysis after being transferred…" from CHCF to San Quentin.  ECF No. 57 at 1.  The instant

2

1    case "concerns an altercation between Plaintiff and staff on November 19, 2015, and the alleged

2    inadequate medical care Plaintiff received immediately after" while an inmate at CHCF.

3         In this case, the court finds that the interests of justice do not require the intra-district

4    transfer of the pending case for the purposes of consolidating it with plaintiff's § 1983 action in

5    the Northern District of California.  See 28 U.S.C. § 1404(a).  Because the defendants in the two

6    actions work at two separate prisons, consolidation of the actions would not be convenient for the

7    parties or witnesses.  Therefore, the court will deny plaintiff's request for consolidation.

8         **II.    Plaintiff's Motion for Subpoenas for Oral Depositions**

9         In this motion plaintiff requests that the court issue deposition subpoenas for the six

10   defendants in this case as well as one additional non-party CDCR employee who witnessed the

11   events giving rise to this litigation.  ECF No. 50.  He also requests that the court order defense

12   counsel to make the arrangements with the prison litigation coordinator for the depositions to be

13   conducted by remote means.  ECF No. 50 at 3.  Although plaintiff indicates that he has paid to

14   use Naegeli court reporting services in another case, he does not indicate how he intends to pay

15   the costs associated with the requested depositions in this case.  ECF NO. 50 at 3-4, 10.  He

16   contends that paying the bill for these depositions would place an undue burden on his family.  Id.

17   at 3.

18        In a subsequently filed notice, plaintiff attempts to schedule the seven requested

19   depositions on the same date and time of his properly noticed deposition on September 29, 2021.

20   ECF No. 60.  The notice also purports to require defendants to produce "any and all documents"

21   in their possession or control that relate to the subject of this lawsuit on the day of their

22   deposition.  ECF No. 60 at 2-3.

23        Plaintiff's notice of deposition prompted defendants to file an ex parte motion for a

24   protective order to relieve them from having to appear for a deposition until plaintiff "shows

25   proof of funds to pay for the depositions, prepays the depositions with his court reporting agency,

26   and properly and timely notices said depositions and/or obtains any necessary subpoenas."  ECF

27   No. 65 at 1.  Instead of providing proof of his ability to pay for these depositions in response to

28   defendants' multiple requests, plaintiff improperly filed the notice of depositions without leave of

1   court to do so.[1]  ECF No. 65 at 3.  Defendants also object to plaintiff's untimely request for the

2   production of documents that is included in his notice of deposition.  Id.

3         Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, the court may limit

4   the extent of discovery when:

5              "(i) the discovery sought is unreasonably cumulative or duplicative,
              or can be obtained from some other source that is more convenient,

6              less burdensome, or less expensive; (ii) the party seeking discovery
              has had ample opportunity to obtain the information by discovery in

7              the action; or (iii) the proposed discovery is outside the scope
              permitted by Rule 26(b)(1)."

8

9   In this case, deposing six correctional officers is inconvenient and burdensome for CDCR

10  because of staffing problems that it could create at CHCF.  Plaintiff has had ample opportunity to

11  submit written interrogatories as well as requests for production of documents from defendants in

12  this action.  He does not explain why depositions are necessary or why he could not obtain the

13  same information via other discovery devices.  While plaintiff has demonstrated the ability to

14  schedule and pay for depositions in another case, he has not provided defendants or the court with

15  any evidence demonstrating his ability to pay for the seven depositions that he requests in this

16  case.  Absent such evidence, the court will deny plaintiff's motion to schedule depositions for

17  which he is unable to pay.

18        Moreover, plaintiff's improper notice of deposition demonstrates an abuse of the court

19  process.  Not only did plaintiff select a deposition date that conflicted with his own properly

20  noticed deposition by defendants, but he also tried to obtain documents in contravention of this

21  court's discovery and scheduling order issued on June 2, 2021.  See ECF No. 49; see also

22  Guzman v. Bridgepoint Educ., Inc., No. 11-0069-WQH WVG, 2014 WL 1670094, at *3 (S.D.

23  Cal. Apr. 28, 2014) (finding that plaintiff's request for production of documents in a deposition

24  notice was a "thinly veiled attempt to evade the 30 day response requirement for production of

25  documents at a deposition.").  This court does not condone the filing of abusive or manipulative

26  pleadings that seek to evade previously issued court orders.  To the extent that plaintiff is

27  _____

28  [1] The motion details the parties' meet and confer efforts to resolve the dispute related to these
    depositions.

                                                    4

1   attempting to abuse the court process to avoid his own deposition, plaintiff is warned that his

2   failure to attend or to participate in his deposition will result in the imposition of sanctions

3   including the possible dismissal of this action.

4        An additional part of plaintiff's motion for deposition subpoenas requests that the court

5   enter default judgment against defendant T. Rowland.  As defendants point out, the court entered

6   an order on July 9, 2021 dismissing defendant R. Rowland without prejudice for failing to serve

7   him within the time provided by Rule 4(m) of the Federal Rules of Civil Procedure.  See ECF No.

8   51.  In his reply, plaintiff indicates that T. Rowland is the same person identified in the complaint

9   as R. Rowland.  ECF No. 53 at 2.  Because defendant R. Rowland has been dismissed from this

10   case, the court denies plaintiff's request to enter a default judgment.  However, as the dismissal

11   was without prejudice and because it appears that plaintiff has obtained additional identifying

12   information for this defendant, the court will grant plaintiff leave to file a motion to amend his

13   complaint within 30 days from the date of this order.  Any such motion should be accompanied

14   by a proposed first amended complaint that correctly names all defendants in this action.  All

15   claims in a first amended complaint should be limited to those found cognizable in the court's

16   April 6, 2020 screening order.  Plaintiff is advised that the court will not entertain any expansion

17   of the types of claims or number of defendants in this lawsuit at this late date.

18        If plaintiff chooses to file a motion to amend his complaint, defendants may file a

19   response within 21 days from the date of service.  Plaintiff may file a reply within 14 days after

20   service of defendant's reply.

21        **III.    Plaintiff's Motion to Compel**

22        In his motion to compel, plaintiff seeks further responses to nine of his requests for

23   production of documents that were propounded on defendants requesting their complete

24   personnel records, video surveillance footage, investigative reports, and witness interviews

25   concerning the events at issue in the complaint, as well as any civil and criminal complaints

26   against defendants, and e-mail correspondence related to plaintiff's transfer from CHCF to San

27   Quentin State Prison.  ECF No. 55.  Plaintiff generally alleges that the responses are inadequate

28   because defendants have "a history of dishonesty."  ECF No. 55 at 4.  He additionally contends

5

1    that defendants' assertion of privilege and privacy with respect to the documents requested is

2    meritless and that he needs the documents in order to properly conduct oral depositions of

3    defendants.  Id. at 5-15.

4         In their opposition, defendants contend that the motion is procedurally deficient.

5    Notwithstanding this objection, defendants respond to the merits of the motion in the interests of

6    judicial economy.  ECF No. 63 at 3.  Defendants assert that they provided complete responses to

7    plaintiff's discovery requests related to the video surveillance footage by allowing him to view

8    them on August 17, 2021.  According to defendants, their objections related to privilege and

9    privacy were appropriate given the overly broad scope of the requests as well as the sensitive

10    nature of the documents requested.  ECF No. 63.

11         In his reply to defendants' opposition, plaintiff challenges the authenticity of the video

12    surveillance footage that was produced, but he does not dispute that he was allowed to view the

13    requested materials on August 17, 2021 with an inmate assistant.  ECF No. 66.  In support of his

14    challenge to the video surveillance footage, plaintiff argues that it did not have any time stamp so

15    it could have been altered from its original form.  ECF No. 66.  Plaintiff does not describe any

16    specific way in which the video surveillance footage was altered.  He merely suggests that it is

17    possible.  ECF No. 66.

18         At the outset, the court finds that defendants have provided full and complete responses to

19    plaintiff's request for production of documents numbers 3 and 5-8 concerning video surveillance

20    and videotaped statements of witnesses by allowing him to view these materials on August 17,

21    2021.  Therefore, the court will deny plaintiff's motion to compel further responses related to

22    these requests.  Plaintiff's challenge to the authenticity of the videos is not germane to the issue

23    presently before the court.  Questions about the authenticity and admissibility of evidence can be

24    raised in a motion in limine prior to trial.

25         The remaining discovery requests and responses are reproduced herein to aid the court's

26    analysis.

27         **Plaintiff's Request for Production No. 1:**

28         All complete personnel records of all Defendant(s) D. Nieves, J. Luang, K. Mims, O.

1    Abu and Aungst.

2          **Defendants' Response:**

3          Objection.  This request is overbroad as to time, is unduly burdensome, and is not

4    proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1).  This

5    request further seeks documents which are not relevant to this case as they have no tendency to

6    make a fact of consequence more or less probable.  This request seeks information that is deemed

7    confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the

8    safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution.

9    Additionally, the production of confidential information is improper on the grounds that an

10   inmate shall not have access to information designated confidential.  Cal. Code Regs. tit. 15, §

11   3370(d).  Personnel-related files are subject to the qualified privilege of official information and a

12   federal common law privilege.  Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir.

13   1991).  Personnel files, including staff complaints contained therein, are also protected by the

14   privacy rights of staff, including federal common law and applicable California statutes including

15   Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections

16   1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400.  Personnel files

17   also are protected under California Evidence Code section 1040, et. seq., including section 1043.

18   Defendants further object as this request seeks appeals by other inmates which are confidential

19   and private in nature, disclosure of which violates inmate privacy.  See Declaration of E.

20   Takehara in support of Defendants' Privilege Log.

21          **Plaintiff's Request for Production No. 4:**

22          All complete investigations of use of force with all reports and statements by all witnessed

23   from log no. CHCF-C-15-03339 Dated on 12/28/2015 by Lieutenant D. Britton.

24          **Defendants' Response:**

25          Objection. This request seeks information that is deemed confidential under Cal. Code

26   Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and

27   staff of the CDCR, or (2) jeopardize the security of the institution.  Additionally, the production

28   of confidential information is improper on the grounds that an inmate shall not have access to

information designated confidential.  Cal. Code Regs. tit. 15, § 3370(d).  Personnel-related files

are subject to the qualified privilege of official information and a federal common law privilege.

Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991).  Personnel files, including

staff complaints contained therein, are also protected by the privacy rights of staff, including

federal common law and applicable California statutes including Penal Code sections 832.7,

832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and

California Code of Regulations Title, 15 section 3400.  Personnel files also are protected under

California Evidence Code section 1040, et. seq., including section 1043.  Defendants further

object as this request seeks information by other inmates which are confidential and private in

nature, disclosure of which violates inmate privacy.  See Declaration of E. Takehara in support of

Defendants' Privilege Log.

Without waiving said objection, Defendant responds as follows:  See DEF Resp RFP 119-

204, 205-233.

**Plaintiff's Request for Production No. 17:**

All complete records or adjudicated Civil or Criminal allegations or claims against

Defendants D. Nieves, J. Luang, K. Mims, O. Abu and Aungst.

**Defendants' Response:**

Objection. This request is overly broad and unduly burdensome.  Civil complaints and

criminal matters are public record and equally available to Plaintiff.  This request seeks

documents which are not relevant as they have no tendency to make a fact of consequence more

or less probable.

**Plaintiff's Request for Production No. 23:**

All original emails and communication in writing of transfer to San Quentin from CHCF

Stockton on 11/19/15.

**Defendants' Response:**

Objection.  This request seeks documents which are not relevant as they have no tendency

to make a fact of consequence more or less probable.  This request seeks information that is

deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1)

8

endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution.  Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential.  Cal. Code Regs. tit. 15, § 3370(d).  Specifically, this request includes the confidential personal information of CDCR staff contained in emails, including contact information and first names.  This request seeks information regarding other inmates which are confidential and private in nature, disclosure of which violates inmate privacy.  See Declaration of E. Takehara in support of Defendants' Privilege Log.  This request also calls for documents protected by the attorney client privilege.

Without waiving said objections, Defendants respond as follows:  See DEF Resp RFP 303-359.

### A.  Legal Standards

Where a party fails to produce documents requested under Federal Rule of Civil Procedure 34, the party seeking discovery may file a motion to compel production.   Fed. R. Civ. P. 37(a).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)).  The opposing party is "required to carry a heavy burden of showing why discovery was denied."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

### B.  Analysis

With respect to Request for Production No. 1, the court agrees with defendants that this request is overly broad because it does not identify any specific time frame or type of relevant conduct or personnel action.  Defendants have further asserted the official information privilege to bar disclosure of defendants' personnel records.  "Federal common law recognizes a qualified

1    privilege for official information."   <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir.

2    1990).  "To determine whether the information sought is privileged, courts must weigh the

3    potential benefits of the disclosure against the potential disadvantages.  If the latter is greater, the

4    privilege bars discovery."  <u>Id.</u> at 1033–34.  "[W]here otherwise discoverable information would

5    pose a threat to the safety and security of a prison . . . , a need may arise for the Court to balance

6    interests in determining whether disclosure should occur."  <u>Scott v. Palmer</u>, No. 1:09-cv-01329

7    LJO SKO, 2014 WL 6685810, *1 (E.D. Cal. Nov. 26, 2014) (collecting cases).  "In the context of

8    civil rights suits against [corrections officials], this balancing approach should be 'moderately

9    pre-weighted in favor of disclosure.'"  <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal.

10   1995).

11          The party invoking the privilege must at the outset make a "substantial threshold

12   showing" by way of a declaration or affidavit from a responsible official with personal

13   knowledge of the matters attested.  <u>Id.</u>  "If the court concludes that a defendant's submissions are

14   not sufficient to meet the threshold burden, it will order disclosure of the documents in issue.  If a

15   defendant meets the threshold requirements, the court will order an in camera review of the

16   material and balance each party's interests."  <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D.

17   Cal. 1996).  In this case, the undersigned finds that defendants have met their threshold burden

18   based on the declaration submitted by E. Takehara.  Thus, an <u>in camera</u> review is necessary to

19   fully evaluate whether the described potential harm outweighs the benefits of disclosure.  The

20   court grants plaintiff's motion to compel Request for Production No. 1, in part, subject to the

21   limitation that this request is narrowed to include only those portions of defendants' personnel

22   records for the four years prior to November 19, 2015 and that involve claims similar to those

23   raised in the instant action, i.e. the use of excessive force by defendants Nieves and Luang and the

24   denial of medical care by defendants Mims, Aungst, and Abu.  Accordingly, defendants are

25   ordered to submit the documents responsive to plaintiff's Request for Production No. 1, as

26   modified herein, for <u>in camera</u> review within 30 days from the date of this order.  Defendants

27   shall submit a clean copy of these documents and a copy containing any proposed redactions. The

28   undersigned will then determine whether limited or redacted disclosure of these documents to

1   plaintiff is appropriate, subject to a protective order.

2          In Request for Production No. 4, plaintiff seeks the investigative reports on the use of

3   force against him that is at issue in the present proceeding.  Defendants' privilege log identifies a

4   confidential appeal inquiry and a use of force critique that is responsive to this request, but was

5   not produced based on defendants' assertion of the official information privilege and privacy

6   concerns.  See ECF No. 63-1 at 30-31.  For the same reasons discussed in relation to Request for

7   Production No. 1, the court will order defendants to produce these documents for an in camera

8   review within 30 days from the date of this order.

9          Plaintiff's Request for Production No. 17 seeks all civil and criminal records involving the

10  defendants.  Defendants objected on the basis that the request was overly broad since it could

11  include "personal injury cases, family law cases, collections cases, bankruptcy cases, and criminal

12  matters."  ECF No. 63 at 11.  In response, plaintiff indicates that he needs the requested

13  information to fully depose defendants.  However, the court has denied plaintiff's motion for

14  deposition subpoenas.  Therefore, plaintiff has failed to demonstrate that the requested

15  information is relevant in prosecuting this action.  See McCoy v. Ramirez, 2016 WL 3196738 at

16  *1 (E.D. Cal. 2016).  As a result, the court will deny plaintiff's motion to compel a response to

17  Request for Production No. 17.

18         Plaintiff's Request for Production No. 23 seeks e-mail communications related to his

19  transfer from CHCF on September 19, 2015 to San Quentin State Prison.  Defendants provided

20  these e-mails after redacting the personal information therein and plaintiff does not explain how

21  this response was deficient.  As a result, the court will deny plaintiff's motion to compel related to

22  Request for Production No. 23.

23         **IV.    Sua Sponte Limitation on Plaintiff's Future Filings**

24         In light of the voluminous, repetitious, and catch-all pleadings filed by plaintiff to date,

25  the court will limit plaintiff's future filings to one dispositive motion pending at a time, including

26  one memorandum of points and authorities in support of the motion and one reply to any

27  opposition.  Compare ECF No. 54 at 39-111 with ECF No. 56 at 91-138.  The failure to comply

28  with this order, including the filing of multiple "notices" or "requests" instead of motions, shall

result in any improperly filed documents being stricken from the record as being filed in violation of a court order.

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to appoint counsel and consolidate cases (ECF No. 54) is denied.

2.   Plaintiff's motion for subpoenas to conduct oral depositions (ECF No. 50) is denied. To the extent that the motion requests a default judgment against defendant Rowland, the court will grant plaintiff leave to file a motion to amend his complaint within 30 days from the date of this order.  Defendants may file a response to the motion to amend within 21 days from the date of service.  Plaintiff may file a reply within 14 days after service of defendant's reply.

3.   Defendant's motion for a protective order (ECF No. 65) is granted.

4.   Plaintiff's motion to compel (ECF No. 55) is granted in part and denied in part as described herein.

5.   Defendants are ordered to submit the documents responsive to plaintiff's Request for Production No. 1, as modified herein, and No. 4 for in camera review within 30 days from the date of this order.  Defendants shall submit a clean copy of these documents and a copy containing any proposed redactions.

6.   In light of plaintiff's history of filing voluminous and repetitious pleadings, the court hereby limits plaintiff's filings in this case to one dispositive motion including one memorandum of points and authorities in support of the motion and one reply to any opposition.  The failure to comply with this order, including the filing of multiple "notices" or "requests" instead of motions, shall result in the court striking any improperly filed documents from the record as being filed in violation of a court order.

Dated:  September 27, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/call1792.mtc+31.docx

12