UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMISI JERMAINE CALLOWAY,

Plaintiff,

v.

D. NIEVES, et al.,

Defendants.

No.  2:19-cv-01792-KJM-CKD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's complaint alleging that defendants Nieves and Luang used excessive force against him and that defendants Mims, Aungst, and Abu were deliberately indifferent to his serious medical needs resulting from the use of force, all in violation of the Eighth Amendment.  Currently pending before the court are defendants' motion to compel and plaintiff's motion for a temporary restraining order/preliminary injunction.  ECF Nos. 72, 78.  The court will address each motion in turn.

**I.      Discovery Disputes**

**A.  Plaintiff's Motion to Compel**

On September 27, 2021, the court granted plaintiff's motion to compel, in part, and denied it in part.  ECF No. 67.  Defendants were ordered to produce any documents responsive to plaintiff's Request for Production No. 1, as modified, and No. 4 for in camera review within 30

1

1    days from the date of the order.  ECF No. 67 at 12.  On October 20, 2021, defendants submitted

2    the documents for <u>in camera</u> review indicating that there are no documents responsive to

3    plaintiff's Request for Production No. 1, as modified by the court.  ECF No. 73.  Defendants

4    lodged two documents, in unredacted and redacted form, in response to plaintiff's Request for

5    Production No. 4.  ECF No. 73 at 2.

6          After having conducted the <u>in camera</u> review of the lodged documents, the court

7    concludes that they should be released to plaintiff in redacted form and subject to a protective

8    order imposing additional restrictions on their viewing.  In balancing the factors identified in this

9    court's order of September 27, 2021 regarding plaintiff's motion to compel, the court finds that

10   disclosure of the use of force critique and the confidential supplement to plaintiff's Appeal Log

11   Number CHCF-C-15-03339 outweigh any potential risk to institutional safety and security.  <u>See</u>

12   <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990); <u>Soto v. City of Concord</u>, 162

13   F.R.D. 603, 613 (N.D. Cal. 1995).  These risks can be mitigated by redacting the sensitive

14   information contained in the documents as defense counsel has done in Bates Nos. 029-056.

15   Plaintiff already knows the identity of the correctional officers who were involved in the use of

16   force as well as the appeal inquiry, and their denials of wrongdoing do not pose any additional

17   security concerns.  <u>See</u> <u>Dowell v. Griffin</u>, 275 F.R.D. 613, 618 (S.D. Cal. 2011) (overruling

18   objections against disclosure in part because "[t]he identities of the officers in question are

19   known, and the identity of anyone not a party to this case potentially disclosed in the document

20   can be withheld by a protective order").  While the court understands defendants' concerns about

21   maintaining the safety of other inmates who were interviewed as part of the appeal inquiry, their

22   names, inmate numbers, and housing locations have all been appropriately redacted from the

23   version that is ordered to be produced to plaintiff.

24         With these concerns in mind, the court will grant defendants' motion for a protective order

25   related to the disclosure of these documents.  <u>See</u> ECF No. 63 at 7.  Defendants are ordered to

26   produce the redacted documents responsive to plaintiff's Request for Production No. 4 within 14

27   days from the date of this order by allowing plaintiff to view these materials in a secure setting.

28   Said disclosure shall not permit plaintiff to photocopy or retain a copy of the documents in his

2

1    cell or to have an inmate helper present for his viewing of the documents.

2              **B. Defendants' Motion to Compel**

3         On September 30, 2021, defendants' filed a motion to compel plaintiff to respond to their

4    Request for Production of Documents ("RPD") which were served on July 26, 2021.  Defense

5    counsel sent plaintiff a meet and confer letter concerning this discovery dispute on September 20,

6    2021, to which plaintiff has not responded.  ECF No. 72 at 3.  While plaintiff complied with

7    defendants' request for production of documents included as part of his Amended Deposition

8    Notice of September 29, 2021, defendants indicate that the requests are not the same.  ECF No.

9    72 at 3.

10        Plaintiff filed an opposition to the motion indicating that he did not respond to defendants'

11   RPD by September 9, 2021 because the responsive documents were the same ones that

12   defendants had just disclosed in response to his RPD from June 21, 2021.  ECF No. 75 at 12.

13   Moreover, defendants already had access to plaintiff's prison C-file and his medical records.  Id.

14   Plaintiff argues that the motion is now moot and should be denied because he had documents

15   copied and delivered to the Litigation Coordinator at the prison in response to the document

16   request attached to his deposition notice.  ECF No. 75.  Additionally, plaintiff indicates that he

17   turned over all relevant inmate appeals demonstrating exhaustion of his issues prior to the parties'

18   first meet and confer for the purposes of ADR.  ECF No. 75 at 5.  Plaintiff's declaration in

19   opposition to the motion also describes several documents identified as Exhibits A-N, although

20   these documents are not attached to the opposition.  See ECF No. 75 at 12-15.

21        In reply, defendants acknowledge receiving 450 pages of documents which were

22   separated by exhibit numbers in response to the document request that was attached to plaintiff's

23   deposition notice.  ECF No. 82.  Defendants argue that plaintiff should still be required to serve a

24   response to the RPD by "refer[ing] to the documents produced in conjunction with Defendants'

25   Deposition Notice, if they were produced at his deposition, and provide any additional documents

26   responsive to the RFPD which have not already been provided."  ECF No. 82 at 3.

27        When a party fails to produce documents requested under Federal Rule of Civil Procedure

28   34, the party seeking discovery may file a motion to compel production.  Fed. R. Civ. P. 37(a).

1   "The party seeking to compel discovery has the burden of establishing that its request satisfies the

2   relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden

3   of showing that the discovery should be prohibited, and the burden of clarifying, explaining or

4   supporting its objections."  Bryant v. Ochoa, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1,

5   2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted).  The court is

6   vested with broad discretion to manage the discovery process.  See Hunt v. County of Orange,

7   672 F.3d 606, 616 (9th Cir. 2012).  The court must limit discovery if "the discovery sought is

8   unreasonably cumulative or duplicative, or can be obtained from some other source that is more

9   convenient, less burdensome, or less expensive."  Fed. R. Civ. P. 26(b)(2)(C)(i).

10          In this case, defendants are seeking to compel plaintiff to essentially cross-reference the

11   450 pages of documents he has already provided to them by identifying which of these documents

12   are responsive to their twelve individual requests for production of documents served on plaintiff

13   in July.  While this may sound like an easy task to a trained litigator, the court is mindful that

14   plaintiff is a pro se prisoner with mental health issues who may not even have these documents in

15   his possession anymore due to limitations on the amount of legal work a prisoner may keep in his

16   cell.  The court finds that requiring plaintiff to respond to the RPD at this juncture is

17   "unreasonably cumulative" and overly burdensome.  See Fed. R. Civ. P. 26(b)(2)(C)(i).

18   Therefore, the court will deny defendants' motion to compel.[1]

19          **II.      Motion for a Temporary Restraining Order**

20          **A.  Plaintiff's Motion**

21          In the motion, plaintiff contends that his access to the courts is being denied because

22   defendant Mims refused to make 10 sets of photocopies of his 150 exhibits in support of an

23   unidentified motion that he filed.  Plaintiff generally describes these documents as "declarations

24   of witnesses, expert witnesses, policies and procedures, contract agreements, Marin General

25   _____

26   [1] In so ruling, the court does not condone plaintiff's initial failure to respond to defendants' RPD
    or to defense counsel's subsequent meet and confer letter.  Plaintiff is reminded that even though

27   he is proceeding pro se, he must follow the same rules of procedure of other litigants.  See King
    v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds by Lacey v. Maricopa

28   Cnty., 693 F.3d 896 (9th Cir. 2012).

1   Hospital, San Joaquin General Hospital, and CDCR/CCHCS medical history."  ECF No. 78 at 5.

2   Plaintiff requests that the court conduct an <u>in camera</u> review of the documents to determine what

3   is relevant and admissible and also requests that CDCR be ordered to immediately photocopy the

4   exhibits.  Attached to plaintiff's motion are the legal copy verification forms that plaintiff

5   submitted requesting the photocopies for the instant case as well as two separate civil actions.

6   ECF No. 78 at 16-19.  The photocopy requests were denied by A. Chaudry, the Senior Librarian

7   at CHCF, and not any of the defendants in the present action.  <u>Id.</u>  The denial forms indicate that

8   it is a "[m]assive photocopy request of about 10,000 copies" that "would prevent other inmates to

9   get their copies."  <u>See</u> ECF No. 78 at 18.  The denials further cite Title 15 of the California Code

10  of Regulations § 3162(c) which limits legal photocopy requests to 50 pages or less "except when

11  necessary to advance litigation."  According to the denial forms, if "a court order is presented for

12  a need of over 50 pages, library staff would follow the court direction."  ECF No. 78 at 18.

13       Defendants filed an objection to plaintiff's motion indicating that it was filed in

14  contravention of this court's September 27, 2021 order limiting plaintiff's filings in light of his

15  "voluminous, repetitious, and catch-all pleadings."  ECF No. 81.

16       **B.  Legal Standards**

17       A temporary restraining order is an extraordinary and temporary "fix" that the court may

18  issue without notice to the adverse party if, in an affidavit or verified complaint, the movant

19  "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant

20  before the adverse party can be heard in opposition."  <u>See</u> Fed. R. Civ. P. 65(b)(1)(A).  A

21  preliminary injunction represents the exercise of a far-reaching power not to be indulged except

22  in a case clearly warranting it.  <u>Dymo Indus. v. Tapeprinter, Inc.</u>, 326 F.2d 141, 143 (9th Cir.

23  1964).  "A preliminary injunction... is not a preliminary adjudication on the merits but rather a

24  device for preserving the status quo and preventing the irreparable loss of rights before

25  judgment."  <u>Sierra On–Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1422 (9th Cir. 1984).

26       "The proper legal standard for preliminary injunctive relief requires a party to demonstrate

27  'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

28  absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

1   is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing

2   Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).

3   The Ninth Circuit's sliding-scale test for a preliminary injunction has been incorporated into the

4   Supreme Court's four-part Winter's standard.  Alliance for Wild Rockies v. Cottrell, 632 F.3d

5   1127, 1131 (9th Cir. 2011) (explaining that the sliding scale approach allowed a stronger showing

6   of one element to offset a weaker showing of another element).  "In other words, 'serious

7   questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can

8   support issuance of an injunction, assuming the other two elements of the Winter test are also

9   met."  Alliance, 632 F.3d at 1131-32 (citations omitted).  Additionally, in cases brought by

10  prisoners involving conditions of confinement, any preliminary injunction "must be narrowly

11  drawn, extend no further than necessary to correct the harm the court finds requires preliminary

12  relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

13       A motion for preliminary injunction must be supported by "[e]vidence that goes beyond

14  the unverified allegations of the pleadings."  Fidelity Nat. Title Ins. Co. v. Castle, No. C-11-

15  00896-SI, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal

16  Practice & Procedure § 2949 (2011)).  The plaintiff, as the moving party, bears the burden of

17  establishing the merits of his or her claims.  See Winter v. Nat. Res. Def. Council, Inc., 555 U.S.

18  7, 20 (2008).

19       **C.  Analysis**

20       Plaintiff's motion suffers from a number of defects.  Plaintiff's motion only focuses on the

21  relief sought and does not address any of the factors required to obtain preliminary injunctive

22  relief.  Plaintiff does not demonstrate how any of the factors identified in Winter tip in his favor

23  to support the issuance of a temporary restraining order.  Furthermore, the individual whom

24  plaintiff seeks to compel is not a party to this civil action.  The Senior Librarian at CHCF who

25  denied plaintiff's photocopy requests is not a defendant in this case.  This court is generally

26  unable to issue an order against individuals who are not parties to a suit pending before it.  See

27  Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985)

28  (stating that "[a] federal court may issue an injunction if it has personal jurisdiction over the

parties and subject matter over the claim; it may not attempt to determine the rights of persons not before the court."). Additionally, the substance of the TRO motion concerns plaintiff's access to prison photocopying services. However, the factual allegations in the complaint concern the use of excessive force by defendants Nieves and Luang and the deliberate indifference to plaintiff's serious medical needs by defendants Mims, Aungst, and Abu. "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Medical Ctr, 810 F.3d 631, 633 (9th Cir. 2015). For all these reasons, the undersigned recommends denying plaintiff's motion for a temporary restraining order/preliminary injunction.

### III.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned magistrate judge is recommending that your motion for a temporary restraining order and preliminary injunction be denied. If you do not agree with this decision, you have 14 days to explain why it is not correct. Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations." The district judge assigned to your case will make the final decision on your motion for a preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's reply briefs (ECF Nos. 83, 84) are stricken from the docket because they were filed in violation of this court's September 27, 2021 order.

2. Within fourteen days from the date of this order, defendants shall make available to plaintiff all of the redacted documents (Bates No. 029-056) submitted for in camera review by allowing him to view the documents in a secure setting. Said disclosure shall **not** permit plaintiff to photocopy or retain a copy of the documents in his cell or to have an inmate helper present for his viewing of the documents.

3. Within seven days of defendants' compliance with this order, defendants shall file a notice of production of documents attesting that service of the redacted documents has occurred in accordance with the terms of this order. The notice shall include the date

of service of the documents.

4.  Defendants' motion to compel (ECF No. 72) is denied.

5.  The remaining pretrial motions deadline of January 3, 2022 remains in effect.  <u>See</u>
ECF No. 49.  The pretrial conference and trial dates will be set, as appropriate,
following resolution of any dispositive motion.

IT IS FURTHER RECOMMENDED that plaintiff's motion for a temporary restraining order (ECF No. 78) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 29, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/call1792.m2compel+TRO.docx

8