UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 2:19-cv-01792-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| D. NIEVES, et al., | |
| Defendants. | |

   Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's complaint alleging that defendants Nieves and Luang used excessive force against him and that defendants Mims, Aungst, and Abu were deliberately indifferent to his serious medical needs resulting from the use of force, all in violation of the Eighth Amendment.  The events at issue in the present case occurred on November 19, 2015 at the California Health Care Facility ("CHCF").  ECF No. 1 (complaint).

   Currently pending before the court are defendants' motion for summary judgment.  In his opposition, plaintiff requests that the court order defendants "to turn over all original audio/video/footage/evidence from operational procedure 01-047 Vicon-Net recording system on 11/19/15 from 8:00 am through 11:00 hours" in support of his statement of disputed facts.  ECF No. 100 at 32.  Although defendants address plaintiff's separate request to reopen discovery for the purpose of conducting depositions, they do not oppose his request for the production of this

1

video evidence.  See ECF No. 103 at 18-19.  Rather, they emphasize that "[i]f [p]laintiff is in possession of evidence contradicting these declarations [of defendants], he can present that evidence in his opposition…."  ECF No. 103 at 18.  Defendants ignore plaintiff's status as a prisoner and the restrictions placed on his possession of litigation materials due to risks associated with institutional safety and security.  See ECF No. 85  (granting defendants' motion for a protective order related to the disclosure of discovery materials).  The court also notes that defendants have produced the relevant portion of the video evidence related to the deliberate indifference claim against defendant Abu in support of their summary judgment motion.  See ECF No. 95-8 at 4 (Exhibit A).  Although the parties acknowledge that video evidence is available concerning the Eighth Amendment excessive force claim against defendants Nieves and Luang, it has not been separately produced.[1]

The court will construe plaintiff's request for evidence as made pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.  According to this Rule, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:  (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  Plaintiff has demonstrated that due to his prisoner status, he has not been able to produce a copy of the video evidence in this case which he contends is necessary to oppose defendants' summary judgment motion.  See also Scott v. Harris, 550 U.S. 372, 381 (2007) (indicating that when there is videotape evidence of the incident in question, the court, at the summary judgment stage, must view "the facts in the light depicted by the videotape.").  Accordingly, plaintiff's request will be granted.  Within 10 days from the date of this order, defendants shall lodge a copy of the video evidence concerning plaintiff from November 19, 2015 from 8:00-11:00 am at CHCF.

/////

---

[1] Plaintiff has already been provided the opportunity to view this video evidence in preparation for his prison disciplinary hearing conducted on March 19, 2016.  See ECF No. 95-5 at 14 (Rules Violation Report-Part C) (explaining continuance that was granted to allow plaintiff to view the video evidence).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the production of the videotape evidence in this case is granted.
2. Within 10 days from the date of this order, defendants shall lodge a copy of the video evidence concerning plaintiff from CHCF on November 19, 2015 between 8:00-11:00 a.m.
3. Defendants shall also file a notice of lodging certifying their compliance with this order.

Dated: May 13, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12:call1792.video.evidence.docx