UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. NIEVES, et al.,<br><br>　　　　　　Defendants. | No.  2:19-cv-01792-DJC-CKD-P<br><br><br>ORDER REQUIRING PRETRIAL<br>STATUS REPORT |

  Plaintiff is a state prisoner proceeding without a lawyer in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On August 19, 2022, defendants' motion for summary judgment was denied with respect to the Eighth Amendment excessive force claim against defendant Nieves based on his use of a metal baton against plaintiff on November 19, 2015.  ECF No. 119.  Since that time, several settlement conferences have been conducted, without success.  ECF Nos. 121, 126, 129, 130, 133, 136, 141.  Due to the difficulties encountered in obtaining plaintiff's participation and presence at these settlement conferences held via Zoom, several issues need to be resolved before this matter can be set for a jury trial.

  Therefore, the parties are ordered to meet and confer for the purpose of submitting a pretrial status report to include proposed dates for: 1) submission of each party's pretrial statement; 2) a pretrial conference; 3) a final status conference; and, 4) a jury trial date including an estimated length of the trial this matter.  The parties are further directed to include any health

1

or security issues that may arise during the trial of this matter and what special conditions or combination of conditions are necessary in order to address them in advance of trial. Counsel for defendant shall specifically determine what special transportation orders may be necessary in this case to secure plaintiff's physical presence at trial in light of his ongoing medical treatment.

This pretrial status report shall be filed jointly, if at all possible. If the parties have different positions on the matters in the pretrial report, such separate positions shall be detailed within the joint status report.

Plaintiff is cautioned that his failure to participate in the submission of the pretrial status report, or to otherwise fail to comply with the court's order, may result in a recommendation that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See ECF No. 134 (order for plaintiff to show cause). If necessary, defendant may include any information about plaintiff's non-compliance with this order as part of the pretrial status report.

Also pending before the court is plaintiff's motion to set a trial date and to appoint pro bono counsel to represent him at trial. ECF No. 142. The motion to set a trial date is denied as moot in light of this order requiring a pretrial status report. As to his request for appointed counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Although plaintiff has numerous medical problems, he has been able to represent himself effectively throughout this litigation including at summary judgment. Therefore, the court denies plaintiff's motion for the appointment of counsel without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days from the date of this order, the parties are directed to meet and confer for the purpose of submitting a joint pretrial status report.

2. The joint pretrial status report containing the matters described herein shall be filed no later than 60 days from the date of this order unless an extension of time is deemed necessary by the parties.

3. Plaintiff's motion to set a trial date (ECF No. 142) is denied as moot in light of this order.

4. Plaintiff's motion for the appointment of pro bono counsel (ECF No. 142) is denied without prejudice.

Dated: November 20, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/call1792.meet&confer