UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. NIEVES,<br><br>　　　　Defendant. | No. 2:19-cv-1792-DJC-CKD P<br><br><br>ORDER |

　　　Plaintiff is a state prisoner proceeding in forma pauperis and without counsel in this civil rights action brought under 42 U.S.C. § 1983. This case proceeds on plaintiff's Eighth Amendment excessive force claim against defendant Nieves alleging use of a metal baton against plaintiff on November 19, 2015. (ECF No. 119.) Presently before the court is defendant's motion to substitute Dr. Khan for Dr. Milton as defendant's non-retained mental health expert for trial in defendant's pretrial statement. (ECF No. 154.) Defendant has attached a copy of the proposed amended pretrial statement. (ECF No. 154 at 6-22.)

　　　Pursuant to the further scheduling order filed on January 21, 2025, all parties were to serve their expert disclosures within 90 days from the date of the order, or by April 21, 2025. (ECF No. 147 at 5.) The deadline for the completion of all expert discovery was set for thirty days thereafter. (Id.)

////

1

  Defendant filed his pretrial statement on March 19, 2025, listing Dr. Milford, a psychologist at San Quentin Rehabilitation Center, as a non-retained mental health medical expert. (ECF No. 152 at 13.) While preparing expert disclosures, defense counsel discovered that Dr. Milton is no longer employed with CDCR and CDCR does not have forwarding contact information for Dr. Milton. (See ECF No. 154 at 2.) Defendant then timely served plaintiff an expert disclosure listing Dr. Khan as a non-retained mental health expert on April 21, 2025. (See id.) Dr. Khan will testify based on her personal interactions and examinations of plaintiff and her review of plaintiff's mental health records, just as Dr. Milton would have testified. (See id. at 3.)

  Defendant has met the deadline set by the court for disclosure of Dr. Khan as an expert and need not show substantial justification or harmlessness for the proposed substitution. See Fed. R. Civ. P. 37(c)(1) (witness exclusion sanction does not apply if the failure to disclose was substantially justified or is harmless). Nevertheless, the court notes the unavailability of Dr. Milton occurred due to circumstances outside defendant's control and plaintiff will not be prejudiced by the substitution because no trial date has been set, the court has not yet issued the pretrial order, and the time for expert discovery has not yet expired. See Bagwell v. CBS Broad. Inc., No. CV 19-8423 DSF (ASX), 2021 WL 9145409, at *2 (C.D. Cal. Oct. 19, 2021) ("Courts have consistently allowed the substitution of expert witnesses when unexpected events prevent the designated expert from testifying at trial.").

  For the reasons set forth above, IT IS ORDERED as follows:

1. Defendant's request to modify his pretrial statement to substitute replacement non-retained expert Dr. Khan for Dr. Milton (ECF No. 154) is GRANTED.
2. Defendant shall file and serve the amended pretrial statement containing the proposed substitution.

Dated: May 13, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, call1792.pts.exp